Dear Secretary Caldwell:
You have requested an opinion from this office as to whether the Department of Natural Resources can proceed with the implementation of coastal restoration projects where less than 100% of the owners of an undivided tract have signed servitude agreements authorizing operation on or access to their property.
Louisiana Civil Code Article 800 provides that the concurrence of all the co-owners is not required if the other co-owners are undertaking necessary steps for the preservation of the property held in indivision. Conversely, any undertaking that affects the use and management of property held in indivision requires the agreement of all the co-owners pursuant to the provisions of Louisiana Civil Code Article 801.
Thus, the answer to your inquiry depends upon whether the nature and extent of the work of a particular coastal restoration project is considered to be an act of preservation or an act of management.
A determination as to how the work necessary for a particular coastal restoration project impacts the use of a particular piece of property is a question of fact. See: Allain vs. ShellWestern E P, Inc., 762 So.2d 709 (La.App. 1st Cir. 2000).
While it may be assumed that all coastal restoration projects are by definition acts of preservation, we are of the opinion that each project must evaluate the effect such a project has on the use of a particular piece of property before it can be said to be an act of preservation not requiring the consent of all the co-owners.
If we can be of any further assistance to you in this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp